UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE GROSSMAN LEIBSON,

    Plaintiff,

v.                                 Case No.: 8:17-cv-1947-T-33TGW

THE TJX COMPANIES, INC., and
STANLEY ACCESS TECHNOLOGIES,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Stanley Access Technologies' Motion for Partial Summary Judgment (Doc. # 33), filed on April 13, 2018. Plaintiff Lee Grossman Leibson responded on May 22, 2018. (Doc. # 36). Stanley Access replied on June 5, 2018. (Doc. # 43). For the reasons that follow, the Motion is granted.

**I. Background**

Leibson is an elderly woman who fell while exiting a Marshalls store in St. Petersburg, Florida, on June 3, 2016. (Doc. # 2 at ¶¶ 7, 8, 10). Leibson was struck by an automatic sliding door that was manufactured and installed by Stanley Access at the Marshalls. (Id. at ¶¶ 9, 10). As a result, Leibson fell and sustained injuries. (Id. at ¶ 10).

1

Leibson then initiated this action in state court against Defendant The TJX Companies, Inc., the owner of the Marshalls store, for negligence. (Doc. # 1-1 at 4-10). Subsequently, Leibson filed an Amended Complaint adding a negligence claim against Stanley Access. (Doc. # 2). In the Amended Complaint, Leibson asserts Stanley Access violated its duties

> to test and inspect the door in question or its prototype, properly design the door, to warn of dangers involved with the use of the door or its presence, to give adequate instructions related to the installation, maintenance and use of the door, or to use care to avoid misrepresentations regarding the door.

(Id. at ¶ 18). Furthermore, Leibson alleges Stanley Access had a duty to "use due care in installing" the door. (Id. at ¶ 19).

Stanley Access removed the case to this Court on August 16, 2017, based on diversity jurisdiction. (Doc. # 1). The case proceeded through discovery. The parties mediated on February 1, 2018, but reached an impasse. (Doc. # 26).

In support of her claim that Stanley Access was negligent, Leibson retained an engineering expert, Dr. Srinivas Kadiyala. (Doc. # 36 at 9-28; Kadiyala Dep. Doc. # 34). On April 13, 2018, Stanley Access moved to exclude Dr. Kadiyala's testimony to the extent he sought to opine on

Stanley Access's alleged failure to warn. (Doc. # 31). After Leibson failed to respond, the Court granted that motion as unopposed on May 21, 2018, thereby excluding Dr. Kadiyala's opinions on product warnings. (Doc. # 35).

Stanley Access moved for partial summary judgment on April 13, 2018. (Doc. # 33). Specifically, Stanley Access argues that summary judgment should be granted on the negligence claim to the extent it relies on the duties to test and inspect the door; to properly design the door; to warn; to avoid misrepresentations about the door; and to use due care in installation. (Id. at 2). Stanley Access does not move for summary judgment on the claim that it violated its duty to provide instructions on installation and maintenance. Leibson responded to the Motion on May 22, 2018, (Doc. # 36), and Stanley Access has replied. (Doc. # 43). The Motion is ripe for review.

## II. **Legal Standard**

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude

a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to

be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

**III. Analysis**

The Amended Complaint alleges that Stanley Access is liable for negligence under various theories. "In order to sustain a negligence claim under Florida law, a plaintiff must prove by a preponderance of the evidence that: (1) the defendant had a duty to protect the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages." Thorpe v. BJ's Restaurants, Inc., 287 F. Supp. 3d 1332, 1336 (M.D. Fla. 2017)(citation and internal quotation marks omitted).

Leibson alleges Stanley Access breached six different duties to her. Stanley Access now moves for summary judgment as to five of the six alleged duties: the duties to warn; to properly design the door; to test and inspect the door; to avoid misrepresentations about the door; and to use due care in installation. (Doc. # 33 at 2).

**A. Warnings**

First, Stanley Access contends that summary judgment should be granted regarding the duty to warn. "A claim that a warning was necessary and that the failure to warn rendered a product unreasonably dangerous and defective requires a warnings expert." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1303 (M.D. Fla. 2011). Here, the Court excluded Leibson's expert from opining as to the duty to warn. (Doc. # 35). And Stanley Access emphasizes that Leibson "has not offered any other warnings expert, and, as such, cannot produce any expert testimony that the subject door was defective due to warnings." (Doc. # 33 at 9).

In her response, Leibson "agrees there is no failure in regard to ensuring proper warnings on the automatic door system in question" and "has no objection to the Court entering summary judgment [in] favor of [Stanley Access] on the issue of [Leibson's] improper warnings claim." (Doc. # 36

6

at 2, 7). Therefore, summary judgment is granted to Stanley Access on the negligence claim to the extent it rests upon a breach of Stanley Access's duty to warn.

**B.     Design Defect**

Regarding the duty to properly design the door, Stanley Access asserts there is no evidence in the record of a design defect in the automated sliding door. (Doc. # 33 at 5-8). Whether Leibson is proceeding under a negligent design and manufacture or a strict liability theory, Stanley Access insists that summary judgment is appropriate.

"In order to prevail in a products liability action brought under a theory of either strict liability or negligence, a plaintiff must demonstrate that the injuries complained of were caused by a defective product whose defect existed at the time of injury and at the time in which the product left the manufacturer's control." Witt v. Stryker Corp. of Michigan, 648 F. App'x 867, 875 (11th Cir. 2016)(quoting Rodriguez v. Nat'l Detroit, Inc., 857 So.2d 199, 201 (Fla. 3d DCA 2003)). "Expert testimony is required to establish a defect under a negligence or strict liability theory. The failure to offer expert testimony to support a products liability theory is cause for dismissal." Allen v. Wing Enterprises, Inc., No. 8:15-cv-1808-T-17AEP, 2017 WL

7

3720877, at *2 (M.D. Fla. Feb. 27, 2017)(internal citations omitted); see also Savage v. Danek Med., Inc., 31 F. Supp. 2d 980, 983 (M.D. Fla. 1999)("A defect must be proven by expert testimony."), aff'd, 202 F.3d 288 (11th Cir. 1999).

Stanley Access insists that Leibson's own expert, Dr. Kadiyala, did not make any determination about the existence of a design defect. (Doc. # 33 at 6-7). At his deposition, Dr. Kadiyala acknowledged that he was not making an evaluation of design or manufacturing defects; rather, he evaluated problems with maintenance of the door.

> Q. So are you saying that you don't know whether it's a maintenance issue or a design issue or a manufacturing issue?
>
> A. I don't believe — I'm not giving you any opinion regarding a design or manufacturing issue at all. I'm not evaluating that aspect at all.
>
> Q. All right.
>
> A. I'm giving you from a maintenance point of view of whether the sensor is even functional or not, is there a means of detecting whether that hand-off is happening concurrently. That's my evaluation.

(Kadiyala Dep. Doc. # 34 at 74:5-15). When asked again whether he found a design defect, Dr. Kadiyala emphasized he was not giving any opinion on that issue.

> Q. So I just want to make sure — I want to go back over that. You are not rendering — you have no opinion as to whether or not the automatic doors at Marshalls and the control and sensing systems have a design defect?

8

> A. Oh, no, not at all. I'm not giving you any opinion regarding design defects.

(Id. at 75:3-9).

Leibson fails to address Dr. Kadiyala's admission that he did not evaluate whether a design defect exists. Instead, Leibson emphasizes Dr. Kadiyala's opinion that there must have been a failed sensor or mis-tuning of a control system in order for the accident to have occurred. (Doc. # 36 at 3). But, this opinion does not suggest the existence of a design defect. Rather, it supports that — at some point within the years after the door's installation — a sensor broke or an error in a control system arose. Dr. Kadiyala did not connect these alleged causes of the accident to a design defect in existence at the time the door left Stanley Access's control. Nor did Dr. Kadiyala opine that Stanley Access failed to test the door properly during the design process or that testing of the door before its installation would have revealed a defect.

Next, Leibson cites a report by Defendant The TJX Companies' engineering experts. (Doc. # 36 at 3). In that report, the experts cite a technical paper from 2004 in which the paper's author opines about the existence of a "potential design flaw" for automated sliding doors. (Doc. # 40 at 9).

9

Leibson has not provided a copy of the technical paper itself, and it is unclear from the report's reference to the paper whether the technical paper was written about a Stanley Access door or the particular model of the door at issue. Nevertheless, according to Leibson, "[t]he paper predicts the exact failure which occurred in this case because of the design flaw." (Doc. # 36 at 3). Therefore, Leibson reasons, "[t]his design flaw was identified prior to the installation of the doors in 2005, and was known or should have been known to" Stanley Access. (Id.).

Stanley Access disagrees that the referenced paper creates a genuine issue of material fact regarding the door's design. (Doc. # 43 at 5-6). It emphasizes that the expert report, which cited the 2004 technical paper, is an unsworn statement and states only that there is a "possible flaw in the overall sensor design" of the door. (Id. at 5; Doc. # 40 at 9); see Wen Liu v. Univ. of Miami Sch. of Med., 693 F. App'x 793, 795 (11th Cir. 2017)("[U]nsworn statements may not be considered in evaluating a summary judgment motion."); see also Goins v. Nationwide Mut. Fire Ins. Co., No. 8:11-cv-2771-T-27AEP, 2013 WL 12156470, at *2 (M.D. Fla. Feb. 8, 2013)("[The court] could properly consider unsworn expert reports on summary judgment where the experts were examined

about their reports, the experts verified the opinions in the reports during their depositions, the experts did not retract or disavow their opinions, and the expert reports were exhibits to the experts' depositions.").

Furthermore, not only was the referenced technical paper not provided for the Court's review, the paper is an unsworn, unpublished paper that has not been peer-reviewed. (Doc. # 43 at 5). And, one of the authors of the report and The TJX Companies' expert, Dr. Dirk Smith, testified in his deposition that the 2004 technical paper was not the basis for his opinions in this case. (Smith Dep. Doc. # 43 at 17:14-18:2). Indeed, when asked if the type of door system at issue was known to have a flaw with its sensor abilities based on that paper, Dr. Smith stated "No, I don't necessarily agree with what [the paper's author] has to say." (Id. at 15:2-7). He further testified that he did not find any design defect or manufacturing defect in the door — specifically, he said he was "not giving any opinions critical of the door." (Id. at 101:3-19).

Given this, the Court agrees with Stanley Access that neither the report nor the technical paper referenced in the report create a genuine issue of material fact as to the existence of a design defect. Importantly, Leibson has not

presented expert testimony about design defects — she is merely relying on a passing reference to a technical paper made in another defendant's expert report. As Stanley Access succinctly put it, "[n]ot a single expert disclosed in this case has expressed an opinion that the subject door was defectively designed." (Doc. # 43 at 6). Summary judgment is granted on the design defect claim.

**C.    Testing**

Next, for the duty to test and inspect the door, Stanley Access argues: "Regardless of whether [Leibson] is attempting to allege [Stanley Access] failed to test/inspect the door when it was designed, when it was installed, or 11 years later, [Leibson] has not set forth any evidence relating to her alleged testing and inspection claim." (Doc. # 43 at 3; Doc. # 33 at 7-8).

Leibson contends that Dr. Kadiyala's opinion that "the testing procedures in place were not sufficient . . . to detect the system defect or flaw" should preclude summary judgment under the duty to test and inspect. (Doc. # 36 at 6). However, Dr. Kadiyala merely expressed the opinion that the maintenance checklist with which The TJX Companies' employees tested the door would not have revealed the danger that caused Leibson to be hit by the door. (Kadiyala Dep.

12

Doc. # 34 at 120:9-25, 128:3-8). Leibson does not point to any testimony by Dr. Kadiyala about whether Stanley Access insufficiently tested the door during the design, manufacturing, or installation process.

It is unclear whether Leibson is arguing Stanley Access's testing during the design process was negligent or whether she maintains Stanley Access should have continued to test and maintain the door after it was installed. To the extent Leibson argues that Stanley Access failed to properly test the door at the time of production and before it left Stanley Access's control, her claim fails. "In Florida, no separate duty or claim exists for testing or inspecting a product because it is part of the manufacturer's duty to design a product with reasonable care; thus, it is subsumed in claims for defective design and failure to warn." Small v. Amgen, Inc., 2 F. Supp. 3d 1292, 1299 (M.D. Fla. 2014); see also Hall, 764 F. Supp. 2d at 1302 ("No separate duty or claim exists under Florida law for testing or inspecting a product." (citing Adams v. G.D. Searle & Co., Inc., 576 So.2d 728, 730–31 (Fla. 2d DCA 1991))). Thus, for the same reasons discussed for the design defect claim, Leibson's claim based on testing while the door was in Stanley Access's control does not survive summary judgment.

As for the argument Stanley Access had a duty to continue testing the door years after installation, Leibson's claim again fails. Leibson acknowledged in her response to The TJX Companies' motion for summary judgment that Stanley Access did not have a maintenance agreement with The TJX Companies. (Doc. # 39 at 2-3). There is nothing in the record to support that Stanley Access had a duty to continue routine testing or maintenance of the door once it was installed at the Marshalls store.

Therefore, Leibson's claim based on inadequate testing — whether at the design and manufacturing stage or after installation — fails. Summary judgment on the testing claim is granted for Stanley Access.

**D.     Misrepresentations and Negligent Installation**

Finally, Stanley Access argues there is no evidence in the record to support that it violated the duties to avoid misrepresentations about the door and to properly install the door. (Doc. # 33 at 8-9; Doc. # 43 at 6). The Court agrees. Although Leibson flatly asserts in her response that she "has produced evidence of her claims related to . . . installing the door, and making misrepresentations regarding the door," she presents no argument or evidence about these two duties. (Doc. # 36 at 3). Indeed, she does not identify any alleged

14

misrepresentations or describe why Stanley Access's installation of the door was negligent.

Accordingly, summary judgment is granted on the negligence claim to the extent it is based on the duties to avoid misrepresentations and to properly install the door.

IV. **Conclusion**

Summary judgment is granted for Stanley Access on five theories of negligence. Leibson has failed to establish a genuine dispute of material fact concerning whether Stanley Access breached its duties to test and inspect the door; to properly design the door; to warn; to avoid misrepresentations about the door; and to use due care in installation. But the case will proceed to trial on Leibson's claim that Stanley Access breached its duty to provide instructions regarding installation and maintenance.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Stanley Access Technologies' Motion for Partial Summary Judgment (Doc. # 33) is **GRANTED**.

(2) Summary Judgment is granted in favor of Stanley Access on the theories that Stanley Access violated its duties to test and inspect the door; to properly design the

door; to warn; to avoid misrepresentations about the door; and to use due care in installation.

(3) The case proceeds to the extent Leibson's negligence claim concerns Stanley Access's duty to provide instructions regarding installation and maintenance.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of June, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE