```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LEE GROSSMAN LEIBSON,

    Plaintiff,

v.                                Case No.: 8:17-cv-1947-T-33TGW

THE TJX COMPANIES, INC., and
STANLEY ACCESS TECHNOLOGIES,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon consideration of Plaintiff Lee Grossman Leibson's Motion in Limine (Doc. # 51), filed on July 20, 2018. Defendant Stanley Access Technologies responded to the Motion on August 3, 2018. (Doc. # 59). For the reasons that follow, the Court grants the Motion in part and denies it in part, as set forth below.

## **I.**    **Background**

Leibson is an elderly woman who fell while exiting a Marshalls store in St. Petersburg, Florida, on June 3, 2016. (Doc. # 2 at ¶¶ 7, 8, 10). Leibson was allegedly struck by an automatic sliding door that was manufactured and installed by Stanley Access at the Marshalls, causing her to fall and sustain injuries. (Id. at ¶¶ 9, 10).

Leibson then initiated this action in state court against Defendant The TJX Companies, Inc., the owner of the Marshalls store, for negligence. (Doc. # 1-1 at 4-10). Subsequently, Leibson filed an Amended Complaint adding a negligence claim against Stanley Access based on Stanley Access's alleged violations of numerous duties. (Doc. # 2).

Stanley Access removed the case to this Court on August 16, 2017, based on diversity jurisdiction. (Doc. # 1). The case proceeded through discovery. Then, Stanley Access moved for partial summary judgment on April 13, 2018. (Doc. # 33). The Court granted that motion on June 27, 2018. (Doc. # 45). The TJX Companies also moved for summary judgment (Doc. # 32), and the Court granted that motion on July 11, 2018 (Doc. # 46). As such, Leibson's case survives only as to the claim that Stanley Access breached its duty to provide adequate instructions on installation and maintenance of the door.

Leibson filed her Motion in Limine (Doc. # 51) on July 20, 2018. Stanley Access has responded (Doc. # 59), and the Motion is ripe for review.

## II. **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order,

remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)(citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id.

3

"The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

**III. Analysis**

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

Leibson seeks an order limiting the evidence introduced by Stanley Access in five ways. (Doc. # 51). The Court will address each separately.

### A. Lack of Prior Incidents

First, Leibson seeks an order stating that "[t]here shall be no reference to the lack of prior incidents involving the door and product in question." (Id. at 1). According to Leibson, evidence that the automatic sliding door at issue functioned correctly for approximately three million customers "does not demonstrate that the product is safe in all instances, especially in those akin to that of [Leibson]." (Id.). "An estimation of the number of previous usages of the door is not 'of consequence' in determining the nature of the

5

malfunction and is therefore irrelevant and inadmissible." (Id.)(citing Fed. R. Evid. 402, 401(b)).

The Eleventh Circuit has held that evidence of prior incidents — or the lack thereof — "might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." Jones v. Otis Elevator Co., 861 F.2d 655, 661 (11th Cir. 1988)(citations omitted). But, because of the potential prejudicial impact, only prior incidents that were caused by "substantially similar" conditions and that are not too remote in time are admissible. Id.

Stanley Access argues that "[t]he lack of prior incidents involving the exact same store, at the same location, with the same clientele and service history is relevant to foreseeability and causation and is, therefore, 'of consequence' to determining the action." (Doc. # 59 at 5). The Court agrees. Leibson's claim against Stanley Access survives only as to her claim that Stanley Access failed to provide adequate instructions on installation and maintenance of the automatic sliding door. Therefore, the lack of prior accidents with the door is relevant to causation and to whether Stanley Access had notice of the risk allegedly

created by the instructions. See Higley v. Cessna Aircraft Co., No. CV 10-3345 JCG, 2013 WL 12112167, at *6 (C.D. Cal. July 8, 2013)("Evidence of no prior accidents involving the same fuel pump is thus relevant to issues of notice and foreseeability, and especially probative in negligence cases."); Great N. Ins. Co. v. BMW of N. Am. LLC, No. 2:11-CV-1153, 2015 WL 3936229, at *5 (S.D. Ohio June 26, 2015)(allowing admission of evidence of lack of prior incidents where "Defendants [] put forth sufficient evidence . . . to indicate they likely would have known had a similar vehicle fire occurred in the same model of BMW").

Leibson's Motion is denied as to this request.

**B. Reference to Other Expert's Statements**

Next, Leibson argues that there should be "no reference to The TJX Companies, Inc.'s [] expert Dr. Smith's statements or testimony by [Stanley Access's] expert Mr. Thomas Bodine" at trial. (Doc. # 51 at 2). She reasons that "Dr. Smith's statements were not 'made while testifying at the current trial' and were 'offered in evidence to prove the truth of the matter asserted in the statement,' and therefore should be considered hearsay and inadmissible in the instant case." (Id.).

In its response, Stanley Access states that it agrees with Leibson in part. (Doc. # 59 at 2). According to Stanley Access, it "agrees that Mr. Bodine will not simply adopt Dr. Smith's testimony as his own; however, where Mr. Bodine and Dr. Smith already had concurring opinions, Mr. Bodine will continue to testify consistent with his own report and prior testimony." (Id.). Stanley Access represents that "Counsel for [Leibson] indicated that [that] agreement was acceptable on this issue." (Id.). Accordingly, based on that representation, the Court grants Leibson's Motion to the extent that Mr. Bodine may not simply adopt Dr. Smith's testimony as his own, but may continue to testify consistent with his own report and prior testimony.

### C. Daubert Challenge

Leibson seeks to exclude any "mention of [Stanley Access's] expert Mr. Thomas Bodine's claim that [Leibson's] expert witness Dr. Kadiyala's testing was 'not what happens in the real world,' since Mr. Bodine is not an expert in human sciences." (Doc. # 51 at 2). She argues Mr. Bodine's claim regarding Dr. Kadiyala's testing should be excluded under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). According to Leibson, "Mr. Bodine has no 'reliable

foundation' in the field of human sciences on which to base his statement." (Doc. # 51 at 2).

First, Leibson's Daubert challenge to Mr. Bodine's testimony is untimely. As set out in the Case Management and Scheduling Order (Doc. # 12 at 1), the deadline for filing Daubert motions was April 13, 2018. Additionally, Stanley Access persuasively argues that Mr. Bodine, while not a human sciences expert, is an engineer qualified to testify about "how a product is intended to be used, and such testimony is integral in determining products claims in Florida." (Doc. # 59 at 6). As Stanley Access notes, Leibson "has not pointed to any law or evidence supporting her argument that an engineer cannot testify as to the real world intended use of a product." (Id.).

The Court finds that Mr. Bodine should not be precluded from expressing his opinion about the testing done by Dr. Kadiyala. Therefore, Leibson's Motion is denied on this issue. Leibson may raise more specific objections at trial.

D. **Statements about The TJX Companies' Liability**

Additionally, Leibson wishes to prevent Stanley Access from "argu[ing] [The TJX Companies] has any liability, as [The TJX Companies] has already been granted summary judgment discharging liability, which indemnifies [it] against

9

liability and acts as both a judicial and equitable estoppel preventing [Stanley Access] from arguing to the contrary." (Doc. # 51 at 3).

Stanley Access states that it "does not object" to this request and "agrees that it cannot argue liability on the part of" The TJX Companies. (Doc. # 59 at 2, 8). Accordingly, the Court grants Leibson's Motion as it relates to this request.

### E. Reference to Phone Call after Leibson's Accident

Finally, Leibson asks the Court to exclude any "mention of [The TJX Companies'] subsequent phone call with Stanley [Access] [approximately two months after Leibson's accident] in which the incident was not mentioned." (Doc. # 51 at 3). Leibson argues this phone call is "both irrelevant and could cause jurors to have a diminished sense of the severity of the malfunction and resulting injury." (Id.). Leibson fears this evidence could "'unduly influence' a 'jury to adopt [The TJX Companies'] . . . determination' that the accident lacked significance, rather than allow the jury to 'make their own evaluation of the evidence.'" (Id.). She reasons that the probative value of this phone call "'is substantially outweighed' by its prejudicial nature and the danger of misleading the jury" under Rule 403. (Id.).

10

But, as Stanley Access notes, Leibson cites only one case for the proposition that evidence about The TJX Companies' omission of Leibson's accident could "unduly influence" the jury. (Doc. # 59 at 7). That case, Brooks v. Shults, 333 F. Supp. 2d 678 (E.D. Tenn. 2004), involved the exclusion of a criminal court transcript from the plaintiff's related civil trial for excessive force and false arrest. In the criminal case, the judge had "clearly made certain credibility determinations and judgments about the evidence presented by [the police officer who was the defendant in the civil case] and the plaintiff." Id. at 680. As such, the Brooks court was concerned the transcript would "unduly influence the jury to adopt that court's credibility determinations, rather than make their own evaluation of the evidence." Id.

Therefore, the fact that the transcript included statements by another judge was determinative of the court's decision. Id. (citing Herrick v. Garvey, 298 F.3d 1184, 1192 (10th Cir. 2002)("Juries are likely to give disproportionate weight to such findings of fact because of the imprimatur that has been stamped upon them by the judicial system.")). No such concerns are present in this case.

Furthermore, Stanley Access emphasizes that Leibson "does not seek to exclude evidence of the service call" made nearly two months after Leibson's accident and Stanley Access anticipates Leibson "intends to introduce the work order from the service visit." (Doc. # 59 at 7). "Rather, [Leibson] seeks to prevent [Stanley Access] from arguing that [The TJX Companies] did not mention [her] fall at the time service was requested or at any time during the service visit." (Id.). But Stanley Access insists this "argument is clearly relevant and probative to [Stanley Access's] defense in this case, and it is not prejudicial to [Leibson]." (Id. at 8).

The Court agrees with Stanley Access that the lack of information given by the TJX Companies concerning Leibson's accident is relevant and not unfairly prejudicial. The jury will be able to make its own determination about the seriousness and cause of Leibson's accident, even if The TJX Companies' omission during the later phone call is discussed. Leibson's Motion is denied as to this request.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Lee Grossman Leibson's Motion in Limine (Doc. # 51) is **GRANTED in part and DENIED in part** as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of August, 2018.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE