```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

LEE GROSSMAN LEIBSON,

      Plaintiff,

v.                                  Case No.: 8:17-cv-1947-T-33TGW

THE TJX COMPANIES, INC., and
STANLEY ACCESS TECHNOLOGIES,

      Defendants.
_____/

## **ORDER**

This matter comes before the Court upon consideration of Defendant Stanley Access Technologies' Motion to Strike Plaintiff's Objections to Stanley Access's Deposition Designations (Doc. # 92), filed on November 20, 2018. Plaintiff Lee Grossman Leibson responded on November 28, 2018. (Doc. # 95). For the reasons that follow, the Motion is granted.

## **Discussion**

The parties exchanged deposition designations, counter-designations, and objections while preparing the Joint Pretrial Statement. That Joint Pretrial Statement, including each party's deposition designations, was filed on August 9, 2018. (Doc. # 64). Leibson did not object to any of Stanley Access's deposition designations at that time. (Id.). The

Court then held the pretrial conference on August 16, 2018. (Doc. # 67).

The case was originally scheduled for the September 2018 trial term. (Doc. # 12 at 2). Because of scheduling conflicts — one of which Leibson did not disclose until after the pretrial conference — the case was moved to the October 2018 trial term on August 20, 2018. (Doc. # 69). However, the parties again notified the Court of significant scheduling conflicts. (Doc. ## 81, 83). For that reason, trial was rescheduled for the December 2018 trial term on October 5, 2018. (Doc. # 89).

On November 19, 2018 — three months after the pretrial conference and a month and a half after the case was set for the December trial term — Leibson emailed Stanley Access her "Amended Deposition Designations," which added objections to Stanley Access's deposition designations. (Doc. # 92 at 2, 5-14).

Now, in its Motion, Stanley Access seeks to strike Leibson's newly-provided objections to its deposition designations because the objections "came after the parties finalized the Joint Pretrial Statement, after the final pretrial conference, and on the eve of trial." (Doc. # 92 at 2). Stanley Access highlights that Leibson failed to provide

any objections when those objections were due — at the time of filing the Joint Pretrial Statement. (Id.). Additionally, Stanley Access argues Leibson has waived her objections by failing to raise them earlier. (Id.).

Indeed, in the Case Management and Scheduling Order, the parties were directed to include in the Joint Pretrial Statement's deposition designation section "a page-and-line description of any testimony that remains in dispute." (Doc. # 12 at 8). And the Case Management and Scheduling Order specifies that the "case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due." (Id. at 7); see also Local Rule 3.06(e), M.D. Fla. ("The pretrial statement and the pretrial order, if any, will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice."). For that reason, the Court recently denied Leibson's untimely motion to amend her witness list to add a witness she failed to include in the Joint Pretrial Statement — a failure for which Leibson provided no explanation. (Doc. # 84). So too here, Leibson failed to comply with the Case Management and Scheduling Order by not timely objecting to Stanley Access's deposition designations in the Joint Pretrial Statement.

True, Federal Rule of Civil Procedure 32(b) states "an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying." Fed. R. Civ. P. 32(b). However, here, the Court also explicitly directed that all objections to deposition designations be provided in the Joint Final Pretrial Statement. (Doc. # 12 at 8). Thus, Leibson was obligated to provide her objections to Stanley Access's deposition designations in the Joint Final Pretrial Statement.

The Court finds Leibson's explanation for her failure to heed the Court's directive unpersuasive. Leibson does not claim that circumstances prevented her from complying with the Court's order to disclose her objections in the Joint Pretrial Statement, as Stanley Access did. Instead, Leibson argues that, because she anticipated while preparing the Joint Pretrial Statement that the Court might reschedule trial due to scheduling conflicts, she decided not to disclose her objections in the Joint Pretrial Statement. (Doc. # 95 at 2). Despite Leibson's attempt to cast her failure as a misunderstanding, the Court considers Leibson's conduct an intentional violation of the Court's order that does not constitute excusable neglect.

Additionally, Leibson insists that Stanley Access has not been prejudiced by her failure to timely provide her objections. (Id. at 2). The Court disagrees. As directed by the Court, Stanley Access provided Leibson its objections to her deposition designations back in August when the Joint Final Pretrial Statement was filed. (Doc. # 64). Thus, Leibson has had the advantage of additional time to prepare for trial knowing what objections are likely to arise. Because of Leibson's violation of this Court's directive, Stanley Access has not had that advantage.

Therefore, Stanley Access's Motion is granted and Leibson's untimely objections to Stanley Access's deposition designations are stricken. Nevertheless, in the interest of justice, the Court at its discretion may entertain objections to deposition testimony during the course of trial as needed.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Stanley Access Technologies' Motion to Strike Plaintiff's Objections to Stanley Access's Deposition Designations (Doc. # 92) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of November, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE